**Ilirjana RADI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05-5327-ag.

United States Court of Appeals, Second Circuit.

July 28, 2006.

Parker Waggaman, New York, NY, for Petitioner.

Frank D. Whitney, United States Attorney for the Eastern District of North Carolina, Anne M. Hayes, and Clay C. Wheeler, Assistant United States Attorneys, Raleigh, NC, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. CHESTER J. STRAUB and Hon. ROBERT A. KATZMANN, Circuit Judges.

54

Ilirjana Radi (A95 381 604), through counsel, petitions for review of the BIA's decision affirming Immigration Judge ("IJ") Sandy K. Hom's denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We presume the parties' familiarity with the underlying facts and procedural history of the case.

█ Although the BIA issued an order including "adopt and affirm" language, which normally suggests that the BIA incorporates the entirety of the IJ's decision, in this case, the BIA's language indicates that it made an affirmative ruling regarding the merits of the petitioner's asylum claim without doing the same with respect to the IJ's one-year bar conclusion, as to which it merely described the IJ's conclusion. It is crucial that the BIA clearly indicate whether or not it has reviewed and agrees with an IJ's one-year bar determination, given that this Court generally lacks jurisdiction to review the issue itself. *See* 8. U.S.C. § 1158(a)(3). Here, we will treat the BIA's decision as if it affirmed the IJ's decision in all respects but one, the one-year bar determination, and review the IJ's decision as modified by the BIA decision, *i.e.*, "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005).

█ The IJ's past persecution analysis is flawed in this case because she failed to explain why all of the harm Radi suffered did not, in the aggregate, amount to persecution. Radi described that Serb forces burned houses in her town, including her own, rounded up her and her neighbors, separating the men from the women and children, shot and killed the men in front of her, raped her and other woman, and forcibly expelled the survivors from the

country. To the extent the IJ concluded that Radi failed to establish persecution on the basis of her ethnicity or social group because her rape was "a consequence of atrocities attendant with war and civil strife," the IJ failed to take into account the cumulative effect of Radi's experiences and overwhelming evidence that Serb forces targeted her and her neighbors because they were Albanian. *See Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir.2005).

█ Although the IJ also made a finding of changed country conditions sufficient to rebut any presumption of future persecution, she entirely failed to consider whether Radi might have "compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution." 8 C.F.R. § 208.13(b)(1)(iii)(A). "[A] person who—or whose family—has suffered under atrocious forms of persecution should not be expected to repatriate." *Matter of Chen*, 20 I. & N. Dec. 16, 19, 1989 WL 331860 (1989) (internal quotation marks omitted). Given the severity of the harm to which Radi credibly testified, the IJ's failure to analyze this issue requires remand.

█ Because Radi failed to argue her claim for CAT relief before the BIA, she failed to exhaust her remedies with respect to that claim and this Court lacks jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED to the BIA for further proceedings in accordance with this order.